IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ISMAEL HERNANDEZ PADILLA,** § | | |
| **#356764,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:14-CV-1750-B-BK | |
| § | | |
| **WILLIAMS STEPHENS, Director** § | | |
| **TDCJ-CID,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* motion for leave to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the Magistrate Judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, the motion for leave to file should be denied.

In 1983, Petitioner was convicted of aggravated robbery with a deadly weapon and aggravated rape, and was sentenced to concurrent terms of 50 and 20 years' imprisonment. *State v. Padilla*, Nos. F83-88766, F82-90756 (203rd Judicial District Court, Dallas County, May 3, 1983). Because of the numerous federal habeas petitions he filed challenging his convictions and the denial of parole, this Court recently barred him from filing any successive habeas petition challenging his aggravated robbery and rape convictions unless accompanied by a motion for leave to file.[1] *Padilla v. Stephens*, No. 3:14-CV-779-B-BK, 2014 WL 1714470 (N.D. Tex. Apr. 29, 2014). On May 13, 2014, Petitioner filed the instant motion for leave to file. [Doc. 2].

---

[1] While Petitioner maintains this Court "knowingly and intentionally violated the Plaintiff's U.S. Const. rights and laws by attempting to deny the petitioner his rights to file" [Doc. 2 at 2], he has yet to appeal the Court's sanction order in case number 3:14-CV-0779-B-BK.

Even when liberally construed, Petitioner's motion does not plead facts warranting the grant of leave to file.  Petitioner asserts that he is not challenging his original convictions, only the imposition of new charges of aggravated rape and aggravated robbery.  [Doc. 2 at 1]. However, he references the same cause numbers for the allegedly new offenses as those of his previous convictions (F82-90756 and F83-88766), which he contends resulted in "punishments such as involuntary servitudes, slavery(ies), physical, mental and emotional distress, and unnecessary cruel and unusual punishments."   [Doc. 2 at 1-2].

Accordingly, it is recommended that Petitioner's motion for leave to file [Doc. 2] be **DENIED**.

SIGNED May 21, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F ED. R. C IV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE